UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OAT TRUSTEE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-554-WBV-MBN** |
| **ELITE INVESTMENT GROUP, LLC, ET AL.** | **SECTION D (5)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Post-Judgment Claims of OAT Trustee, LLC By Jason Adams (the "Motion to Dismiss"), filed by defendant, Jason Adams.[1] Adams filed the Motion to Dismiss on March 6, 2020, and it was originally set for submission on March 24, 2020.[2] Upon motion by OAT Trustee, LLC, the Court reset the Motion to Dismiss for submission on April 7, 2020.[3] Adams subsequently filed a Supplemental Memorandum in Support of Unopposed Motion to Dismiss, pointing out that his Motion to Dismiss is unopposed.[4]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to Adams' Motion to Dismiss has been submitted.

Accordingly, because the Motion to Dismiss is unopposed, and further, it appearing to the Court that the Motion has merit,[5] **IT IS HEREBY ORDERED** that

---

[1] R. Doc. 13.
[2] *Id*.
[3] R. Docs. 14 & 17.
[4] R. Doc. 41.
[5] Adams filed the instant Motion to Dismiss seeking dismissal of OAT Trustee, LLC's claims under Fed. R. Civ. P. 12(b)(5), for insufficiency of service, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. As Adams correctly points out, the Fifth Circuit has held that, "[O]nce the validity of

the Motion to Dismiss Post-Judgment Claims of OAT Trustee, LLC By Jason Adams[6] is **GRANTED** and OAT Trustee, LLC's claims against defendant, Jason Adams, are hereby **DISMISSED with prejudice.**

New Orleans, Louisiana, May 12, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). (*See* R. Doc. 13-1 at p. 3 n.10). As Adams correctly points out, OAT Trustee, LLC did not request service on Adams in the underlying state court Verified Petition For Declaratory Judgment and Request for Writ of Sequestration. (R. Doc. 1-1 at p. 7). OAT Trustee, LLC has not responded to the Motion to Dismiss, nor has it filed anything into the record to establish that Adams was properly served with the Verified Petition. (R. Doc. 1-1). Accordingly, the Court finds that the Motion to Dismiss has merit under Fed. R. Civ. P. 12(b)(5). The Court further finds that the Motion to Dismiss has merit under Fed. R. Civ. P. 12(b)(6). As Adams correctly points out, he is named as a defendant in the caption of the Verified Petition, but he is not included in the list of defendants in the body of the Verified Petition. (R. Doc. 13-1 at p. 3 (*citing* R. Doc. 1-1 at p. 1, ¶ 1)). Adams also asserts that OAT Trustee, LLC's claims in this case are based solely upon an Assignment of Leases and Rents, which OAT Trustee, LLC alleges was executed by Elite Investment Group, LLC. (R. Doc. 13-1 at p. 4; *See* R. Doc. 1-1 at p. 2, ¶¶ 4 & 5). Adams correctly points out that OAT Trustee, LLC alleges in its Verified Petition that Elite Investment Group, LLC has obligations under the Assignment of Leases and Rents as the "Grantor," and makes no reference to Adams being a "Grantor." (R. Doc. 13-1 at p. 4; *See* R. Doc. 1-1 at p. 2, ¶¶ 5 & 6). Adams also asserts that OAT Trustee, LLC "makes no allegations as to any obligations by Adams individually under the purported assignment that he is not a party to." (R. Doc. 13-1 at p. 4). Accordingly, the Court finds that the Motion to Dismiss has merit.

[6] R. Doc. 13.