UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OAT TRUSTEE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-554-WBV-MBN** |
| **ELITE INVESTMENT GROUP, LLC, ET AL.** | **SECTION: D (5)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand, filed by OAT Trustee, LLC, in its capacity as trustee for Girod Titling Trust ("Plaintiff").[1] The Motion is opposed,[2] and Plaintiff has filed a Reply.[3] After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Court concludes that Worley Claims Services, LLC has not met its burden of proving federal subject matter jurisdiction. As such, the Motion to Remand is **GRANTED** and this matter is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This is the third case filed in this Court based upon a lease dispute between Elite Investment Group, LLC ("Elite") and Worley Claims Services, LLC ("Worley"). The instant case concerns Plaintiff's February 12, 2020 Verified Petition for Declaratory Judgment and Request for Writ of Sequestration, filed in Louisiana state

---

[1] R. Doc. 19.
[2] R. Docs. 25 & 26.
[3] R. Doc. 38.

court against Elite, Worley and Jason Adams.[4] Plaintiff alleges that Girod Titling Trust ("Girod"), is the holder and owner of a September 24, 2015 promissory note in the original principal amount of $5.1 million (the "Note"), executed by Adams and Elite and made payable to First NBC Bank in New Orleans, Louisiana ("FNBC").[5] To secure the indebtedness evidenced by the Note, Elite executed a mortgage (the "Mortgage") on September 24, 2015, over immovable property located at 303 Timber Creek in Hammond, Louisiana (the "Timber Creek property").[6] Plaintiff alleges that on September 24, 2015, Elite executed an Assignment of Leases and Rents in favor of FNBC, assigning all of its present and future rights, title interest and remedies in, to and under any and all leases and rents of all or a portion of the Timber Creek property.[7] Plaintiff asserts that the Assignment of Leases and Rents specifically prohibits Elite from cancelling, terminating, or accepting the surrender or substitution of any lease without prior written consent of the lender.[8]

Plaintiff further alleges that, by order dated April 28, 2017, the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver for FNBC.[9] Through several transfers, Girod became the current holder of the Note, the Mortgage, and the Assignment of Leases and Rents.[10] Plaintiff claims that the Timber Creek property is subject to an Agreement for NNN Lease of Real Property (the "2015 Lease"), dated September 25, 2015, between Elite, as lessor, and Worley,

---

[4] R. Doc. 1-1.
[5] *Id*. at ¶ 2.
[6] *Id*. at ¶ 4.
[7] *Id*. at ¶ 5.
[8] *Id*. at ¶ 6.
[9] *Id*. at ¶ 7.
[10] *Id*. at ¶¶ 8-10.

as lessee.[11] Plaintiff alleges that Worley paid the monthly rent for "the year of September 2017-2018," but has refused to make any monthly rent payments since October 2018.[12] Plaintiff alleges that Worley continued to occupy the premises despite its refusal to pay the rent.[13]

On October 25, 2018, Elite filed a Complaint in this Court against Worley, seeking to accelerate the rent due under the 2015 Lease.[14] Elite asserted that this Court had diversity subject matter jurisdiction over the case under 28 U.S.C. § 1332. Worley answered the suit and denied the existence of a valid lease, claiming that the 2015 Lease was executed without authority by Mike Worley, one of its former officers.[15] Girod filed a Complaint in Intervention, asserting that it was the holder and owner of the Mortgage and that it had been assigned the Assignment of Leases and Rents.[16] On August 1, 2019, Worley moved to deposit $600,290.41 into the registry of the Court, which was the amount of rent due under the 2015 Lease at that time.[17] The Court granted the request, and ordered the Clerk of Court to accept Worley's deposit of $600,290.41, as well as any additional monthly rental deposits made by Worley.[18] On October 3, 2019, the case was dismissed without prejudice for lack of subject matter jurisdiction based upon Elite's motion and "recent disclosures by Worley Claims Services, LLC, regarding the citizenship of its members."[19]

---

[11] *Id*. at ¶ 11.
[12] *Id*. at ¶¶ 13-14.
[13] *Id*. at ¶ 16.
[14] *See Elite Investment Group, LLC v. Worley Claims Services, LLC*, Civ. A. No. 18-9985 (R. Doc. 1).
[15] *Id*. (R. Doc. 15 at p. 1).
[16] *Id*. (R. Doc. 28).
[17] *Id*. (R. Doc. 46).
[18] *Id*. (R. Doc. 61).
[19] *Id*. (R. Docs. 74, 75).

On September 16, 2019, shortly before the dismissal of Elite's case, Worley filed a Complaint in this Court against Elite, seeking a declaration that the 2015 Lease was null and seeking damages for unjust enrichment.[20] Worley also alleged that this Court had diversity jurisdiction over the case under 28 U.S.C. § 1332. Elite answered the suit and filed a counterclaim against Worley, again seeking an acceleration of the rent owed under the 2015 Lease.[21] On November 8, 2019, Plaintiff filed a Motion For Leave to File Complaint in Intervention, seeking to assert its right to all of the rents that Worley had deposited into the registry of the Court up to that time, which totaled $702,667.92.[22] Plaintiff subsequently withdrew the Motion, in lieu of complying with the Court's December 11, 2019 Order requiring Plaintiff to substitute its proposed Complaint in Intervention with a pleading that adequately alleged the citizenship of the parties for purposes of diversity jurisdiction.[23] On February 4, 2020, upon motion by Worley, the Court ordered that the funds deposited in the registry of the Court be transferred from Civ. A. No. 18-9985 to Civ. A. No. 19-12626.[24]

On February 10, 2020, Elite and Worley reached a resolution during a settlement conference with the Magistrate Judge.[25] On February 11, 2020, Worley filed a Consent Motion to Approve Stipulated Final Judgment[26] and a Consent

---

[20] *See Worley Claims Services, LLC v. Elite Investment Group, LLC*, Civ. A. No. 19-12626 (R. Doc. 1).
[21] *Id.* (R. Doc. 7).
[22] *Id.* (R. Doc. 18 at ¶ 9).
[23] *Id.* (R. Docs. 23, 25).
[24] *Id.* (R. Docs. 40, 42).
[25] *Id.* (R. Doc. 47).
[26] *Id.* (R. Doc. 43).

Motion to Refund Funds Deposited With the Court,[27] both of which the Court granted.[28] The Court issued a Stipulated Final Judgment, as provided by the parties, declaring that the 2015 Lease was unenforceable because Mike Worley did not have authority to enter into a lease with Elite on Worley's behalf, and denying Elite's motion for summary judgment.[29] The Stipulated Final Judgment also dismissed with prejudice all other claims of the parties arising out of the cause of action.[30] On February 11, 2020, the Court issued an Order directing the Clerk of Court to disburse the funds held in the registry of the Court to Worley via a check in the principal amount of $967,306.77.[31]

On February 12, 2020, Plaintiff filed the instant suit against Elite, Worley, and Adams in state court.[32] Plaintiff asserts in the Petition that through the Assignment of Leases and Rents, Girod has a security interest in all rents to occupy the Timber Creek property, including the "back rent" that was deposited into the registry of this Court.[33] Plaintiff seeks a writ of sequestration, ordering the Sheriff of Tangipahoa Parish to seize the back rent during the pendency of the action, which totals $967,306.77.[34] Plaintiff also seeks a declaratory judgment that the back rent is due and payable to Girod as rent under the Assignment of Leases and Rents.[35] Plaintiff asserts that Girod did not give Elite written approval to stipulate that the 2015 Lease

---

[27] *Id*. (R. Doc. 44).
[28] *Id*. (R. Docs. 45, 46, 48).
[29] *Id*. (R. Doc. 46).
[30] *Id*.
[31] *Id*. (R. Doc. 48).
[32] R. Doc. 1-1.
[33] *Id*. at ¶ 24.
[34] *Id*. at ¶¶ 23, 29.
[35] *Id*. at ¶ 31.

is invalid, which violates the terms of the Assignment of Leases and Rents.[36] As such, Plaintiff seeks a declaratory judgment that any attempt by Elite to stipulate to the validity of the 2015 Lease was legally invalid and unenforceable.[37]

Worley removed the case to this Court on February 14, 2020, on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[38] Worley asserts that each of Plaintiff's claims implicate significant federal issues and, therefore, fall within the "arising under" federal question jurisdiction of this Court.[39] Worley argues that, in order for state law claims to give rise to federal question jurisdiction, defendants must demonstrate: (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[40] Worley asserts that Plaintiff's claim for sequestration implicates serious federal issues with federal implications, including: (1) whether the state court can exercise jurisdiction over the *res* of the funds held in the registry of this Court; and (2) whether the Tangipahoa Sheriff may seize property held in the registry of this Court, in potential violation of federal law, including 28 U.S.C. §§ 2041 & 2042.[41] Alternatively, Worley asserts that this Court should exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367 because it relates to the settlement in Civ. A. No. 19-12626, *Worley Claims Services, LLC v. Elite Investment Group, LLC*,

---

[36] *Id.* at ¶¶ 32, 33.
[37] *Id.* at ¶ 33.
[38] R. Doc. 1.
[39] *Id.* at ¶ 7.
[40] *Id.* at ¶ 34 (quoting *Marren v. Stout*, 930 F. Supp. 2d 675, 681 (W.D. Tex. 2013) (quotation marks omitted).
[41] R. Doc. 1 at ¶¶ 36-38, 46.

and this Court retained jurisdiction over the settlement and its implementation.[42] Worley also argues that, in the alternative, the Court should exercise supplemental jurisdiction over this claim if the Court concludes that it has federal question jurisdiction over one of Plaintiff's claims for declaratory judgment.[43]

Worley asserts that Plaintiff's claim for a declaratory judgment that the $967,306.77 paid into the registry of this Court is back rent that is due and owing to Girod implicates the same federal issues with federalism implications as Plaintiff's claim for a writ of sequestration.[44] Worley argues that Plaintiff's second claim for declaratory judgment, regarding Elite's attempt to stipulate to the invalidity of the 2015 Lease, also implicates serious federal issues because it is a collateral attack on the judgment issued by this Court and seeks to invalidate same.[45] Alternatively, Worley asserts that this Court should exercise supplemental jurisdiction over the two claims for declaratory judgment because this Court retained jurisdiction over the prior settlement and the enforcement thereof.[46] Worley also asserts that this Court should exercise supplemental jurisdiction over the declaratory judgment claims if the Court concludes that it has federal question jurisdiction over any of Plaintiff's other claims.[47]

Plaintiff filed the instant Motion to Remand on March 12, 2020, asserting that removal was improper because this Court lacks subject matter jurisdiction over its

---

[42] R. Doc. 1 at ¶ 48.
[43] *Id.* at ¶ 49.
[44] *Id.* at ¶ 51.
[45] *Id.* at ¶ 52.
[46] *Id.* at ¶ 53.
[47] *Id.* at ¶ 54.

state law claims.[48] Plaintiff agrees with Worley that federal question jurisdiction based upon state law claims requires proof of four elements,[49] but argues that Worley has failed to meet its burden of proving that any of Plaintiff's claims satisfy all four elements. Plaintiff asserts that its claim for a writ of sequestration does not impinge upon this Court's authority over the funds that were deposited into the Court's registry because Plaintiff did not attempt to have the state court sequester the funds until after this Court issued an Order directing that the funds be disbursed to Worley.[50] Plaintiff points out that the funds were disbursed on February 12, 2020, before it filed its state court Petition. Plaintiff argues that because the funds are no longer in the Court's registry, any federal issues purportedly implicated by the writ of sequestration are no longer relevant.[51] Plaintiff also argues that the mere presence of federal issues in a state claim does not automatically confer federal question jurisdiction.[52]

Plaintiff further asserts that Worley's reliance upon 28 U.S.C. § 2042 as an anchor for federal question jurisdiction is inappropriate because courts have rejected attempts by defendants to base removal upon the assertion of a federal statute as a defense.[53] Section 2042 provides that, "No money deposited [into the registry of a federal court] shall be withdrawn except by order of the court." Plaintiff argues that the statute does not apply in this case because: (1) the registry of the Court is no

---

[48] R. Doc. 19.
[49] R. Doc. 19-1 at p. 6 (citing *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008)).
[50] R. Doc. 19-1 at p. 7.
[51] *Id.* at pp. 7-8.
[52] *Id.* at p. 8 (citing *Firefighters' Ret. System v. Regions Bank*, 598 F. Supp. 2d 785, 794 (M.D. La. 2008); *Singh*, 538 F.3d at 338).
[53] R. Doc. 19-1 at p. 8 (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

longer the custodian of the funds; (2) the state court did not require that the funds be seized directly from the registry of the Court; and (3) § 2042 has only been applied to garnishment proceedings.[54]

Plaintiff further asserts that its request for a declaratory judgment that Elite's attempt to stipulate to the invalidity of the 2015 Lease is invalid and not binding upon Plaintiff is not a collateral attack on this Court's Stipulated Judgment, but a contract dispute under Louisiana law.[55] Nonetheless, Plaintiff argues that both the Supreme Court and this Court have rejected Worley's argument that a collateral attack defense can give this Court original jurisdiction.[56] Finally, Plaintiff asserts that the Court should reject Worley's argument that the Court should exercise supplemental jurisdiction based upon its retention of jurisdiction over the settlement between Elite and Worley because it is actually an argument for this Court to exercise original jurisdiction.[57] Plaintiff argues that a district court's limited, continued jurisdiction of a settlement does not provide a basis for original jurisdiction to support removal.[58]

Worley opposes the Motion to Remand, arguing that the Court has federal question jurisdiction over this case based upon the grounds asserted in its Notice of

---

[54] R. Doc. 19-1 at pp. 8-9.
[55] *Id.* at pp. 9-10.
[56] *Id.* at pp. 10-11 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Billieson v. City of New Orleans*, Civ. A. No. 01-3864, 2002 WL 221609 (E.D. La. Feb. 8, 2002); *Camellia Grill Holdings, Inc. v. Grill Holdings, LLC*, Civ. A. No. 15-3795, 2015 WL 5775003 (E.D. La. Sept. 30, 2015)).
[57] R. Doc. 19-1 at p. 12.
[58] *Id.* at pp. 12-13 (citing *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014)).

Removal.⁵⁹ Worley maintains that Plaintiff's state court Petition, on its face, raises substantial federal questions that must be resolved in order to resolve the state law claims, including: (1) whether a state court may assert jurisdiction over the *res* of funds which have been deposited into the registry of the federal court; and (2) whether a state court can, in the execution of a writ, order a state officer to violate 28 U.S.C. § 2042 and an order of this Court.⁶⁰ Worley notes that Plaintiff could have intervened or filed a motion in the prior case to arrest the funds held in the Court's registry, but it chose not to do so.⁶¹ Worley claims that although it received a check for the funds "days after this suit was removed to this Court," it had not cashed the check as of the date of the Opposition brief, so the funds remain in the United States Treasury under the continuing jurisdiction of this Court.⁶² Worley then cites several cases from the 1800's to support its position that this Court has jurisdiction over Plaintiff's claim for a writ of sequestration because it implicates serious federalism concerns.⁶³

Worley further asserts that this Court has subject matter jurisdiction over Plaintiff's claims under the Fifth Circuit's holding in *Baccus v. Parrish*, 45 F.3d 958 (5th Cir. 1995), because the claims are a collateral attack that seeks to undermine a federal order (the Stipulated Judgment) and set aside a portion of a federal settlement.⁶⁴ Worley notes that the *Rivet* case, cited by Plaintiff, is distinguishable because it involved jurisdiction that was premised upon the existence of a federal

---

⁵⁹ R. Doc. 25.
⁶⁰ *Id.* at pp. 1, 8-10.
⁶¹ *Id.* at p. 9 n.1.
⁶² *Id.* at p. 11 (citing *Succession of Franklin*, 42,496 (La. App. 2 Cir. 10/14/07), 968 So.2d 811, 814.
⁶³ R. Doc. 25 at pp. 11-14 (citations omitted).
⁶⁴ R. Doc. 25 at pp. 2, 18-19.

claim preclusion or res judicata defense arising from a prior federal case, which is not at issue here.[65]

Elite and Adams also oppose the Motion to Remand, asserting that, "This Court clearly enjoys subject matter jurisdiction and the motion to remand must be denied."[66] Elite and Adams "refer to and incorporate" the arguments made in Worley's Opposition brief.[67]

In response, Plaintiff maintains that its state court Petition only involves a state law procedural mechanism that ensures protection of the back rent over which Girod has a security interest and state law claims concerning Elite and Worley's failure to adhere to the obligations owed to Girod under the 2015 Lease and the Assignment of Leases and Rents.[68] Plaintiff argues that the case must be remanded to state court because its Petition does not raise the substantial federal issues required under *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Plaintiff also argues that *Baccus* is no longer good law and that courts have consistently rejected arguments that a state court petition that undermines a federal order or settlement can serve as the basis for removal under 28 U.S.C. § 1441.[69]

Plaintiff further asserts that the Court should reject Worley's argument that the writ of sequestration raises a substantial federal question because there is no

---

[65] *Id.* at p. 19 n.5 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)).
[66] R. Doc. 26 at p. 1.
[67] *Id.*
[68] R. Doc. 36 at p. 1.
[69] *Id.* at pp. 2-5 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255 (5th Cir. 2014); *Gusman v. New Orleans City*, Civ. A. No. 15-5236, 2015 WL 9207473, at *1 (E.D. La. Dec. 8, 2015)).

money in the registry of the Court, as Worley has possession of the check for the disbursement of funds from the Unite States Treasury.[70] Plaintiff argues the fact that Worley possesses the negotiable instrument and could, but for the writ, deposit the money is not a basis for the Court to exercise federal question jurisdiction. Plaintiff claims this Court's jurisdiction of the *res* terminated upon issuance of the Order disbursing the funds.[71] Plaintiff further asserts that this Court previously rejected arguments similar to Worley's, that an attack or attempt to disrupt a federal court judgment can give rise to federal question or supplemental jurisdiction.[72] Plaintiff further asserts that it was not required to intervene in the prior federal suit to maintain its right to the funds, and that its failure to do so is not a basis for this Court to exercise federal question jurisdiction.[73]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."[74] According to the Supreme Court, "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[75] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[76] "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal

---

[70] R. Doc. 38 at p. 6.
[71] *Id.* at p. 7.
[72] *Id.* at p. 8 (citing *Gusman v. New Orleans City*, Civ. A. No. 15-5236, 2015 WL 8207473 (E.D. La. Dec. 8, 2015)).
[73] R. Doc. 38 at p. 9.
[74] *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).
[75] *Id.* (citations omitted).
[76] 28 U.S.C. § 1441(a).

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[77] The Supreme Court has clarified that, "A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, 'a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'"[78]

According to the Fifth Circuit, state law claims can give rise to federal question jurisdiction where: (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[79] However, the Supreme Court has described this as a "slim" category of cases.[80] The Fifth Circuit has similarly cautioned that, "The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction."[81] Further, the removal statute, 28 U.S.C. § 1441, must be strictly construed, and any doubt as to the propriety of removal should

---

[77] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-8 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)) (quotation marks omitted).
[78] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting *Constr. Laborers Vacation Trust*, 463 U.S. at 14, 103 S.Ct. at 2848) (internal citations omitted).
[79] *Singh*, 538 F.3d at 338 (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)).
[80] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (citing *Grable*, 545 U.S. at 313, 125 S.Ct. 2363).
[81] *Singh*, 538 F.3d at 338.

be resolved in favor of remand.[82] Remand is proper if at any time the court lacks subject matter jurisdiction.[83]

## III. ANALYSIS

### A. Plaintiff's claims for a writ of sequestration and a declaratory judgment regarding ownership of the $967,306.77.

The Court finds that Worley has failed to show that this Court has federal question jurisdiction over the claims asserted in Plaintiff's state court Petition. In its Notice of Removal, Worley acknowledged that it has the burden of proving federal question jurisdiction exists by demonstrating that: (1) resolving a federal issue is necessary to resolution of the state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[84] Worley, however, fails to mention *Singh* or this four-factor analysis in its Opposition brief.[85] Instead, Worley argues that Plaintiff's claims for a writ of sequestration and a declaratory judgment regarding the $967,306.77 both raise substantial issues that implicate serious federalism concerns, including: (1) whether a state court may assert jurisdiction over the *res* of funds which have been deposited into the registry of the federal court; and (2) whether a state court can, in the execution of a writ, order a state officer to violate 28 U.S.C. § 2042 and an order of this Court.[86]

---

[82] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[83] *See* 28 U.S.C. § 1447(c).
[84] R. Doc. 1 at ¶ 34 (quoting *Marren v. Stout*, 930 F. Supp. 2d 675, 681 (W.D. Tex. 2013) (quoting *Singh*, 538 F.3d 334, 338 (5th Cir. 2008)) (quotation marks omitted).
[85] *See generally* R. Doc. 25.
[86] R. Doc. 25 at pp. 1, 8-10.

Worley also represented to the Court that, as of the date of its Opposition brief (March 30, 2020), it had received a check from the United States Treasury for the $967,306.77, but had not yet cashed the check.[87] Worley argues that, because it had not yet cashed the check, Plaintiff's claims raise substantial federal issues because the funds remain in the registry of this Court.  The Court has confirmed, however, that Worley cashed the check on or about May 15, 2020.  As such, the funds are no longer in the registry of the Court, thereby rendering Worley's argument moot.  This also renders moot Worley's argument that 28 U.S.C. § 2042 provides a basis for federal question jurisdiction in this case.

Significantly, the Court finds that Worley has failed to show that Plaintiff's state law claims for a writ of sequestration and a declaratory judgment regarding the funds satisfy the four-factor test set forth by the Fifth Circuit in *Singh v. Duane Morris LLP*.[88]  Although Worley claims the first three factors are met because the resolution of substantial federal issues is necessary to resolution of the state law claims, the Court disagrees.  Plaintiff's claims for a writ of sequestration and a declaratory judgment regarding the funds that were previously deposited into the Court's registry are narrowly focused upon the lease dispute between Plaintiff, Elite and Worley, which is governed by Louisiana contract law.  Even assuming that the fact that the funds were deposited in the Court's registry raises a federal issue, the Court has trouble believing that singular fact translates to a substantial federal issue that remains in dispute.  Finally, the Court believes that exercising federal

---

[87] R. Doc. 25 at p. 11.
[88] 538 F.3d 334, 337-38 (5th Cir. 2008).

jurisdiction over this dispute will upset the balance of state and federal judicial responsibilities. As such, these two claims do not place this case into the "slim" category of cases where state law claims can give rise to federal question jurisdiction.[89] This finding is bolstered by the Fifth Circuit's instruction to strictly construe the removal statute, 28 U.S.C. § 1441, and to resolve any doubt as to federal subject matter jurisdiction in favor of remand.[90]

### B. Plaintiff's claim for a declaratory judgment that any attempt by Elite to stipulate to the invalidity of the 2015 Lease is invalid and not binding upon Girod.

The Court also finds that Worley has failed to show that Plaintiff's claim for a declaratory judgment that any attempt by Elite to stipulate to the invalidity of the 2015 Lease is invalid and not binding upon Girod provides a basis for federal question jurisdiction. Worley argues that Plaintiff's claim implicates serious federal issues because it is a collateral attack on the Stipulated Judgment signed by this Court in Civ. A. No. 19-12626, *Worley Claims Services, LLC v. Elite Investment Group*, *LLC*, and seeks to invalidate the judgment.[91] As Plaintiff points out, however, it is well settled that federal question jurisdiction only exists when plaintiff's well-pleaded *complaint* raises issues of federal law.[92] Although *Baccus v. Parrish*[93] may support

---

[89] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)).
[90] *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[91] *See* Civ. A. No. 19-12626, *Worley Claims Services, LLC v. Elite Investment Group, LLC* (R. Doc. 46).
[92] *Gauthier v. Levin*, Civ. A. No. 01-1559, 2001 WL 699040, at *1 (E.D. La. June 21, 2001) (citations omitted); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quotation and quotation marks omitted); *In re Vioxx Products Liability Litigation*, 843 F. Supp. 2d 654, 657 (E.D. La. 2012) (quoting *PCI Transp., Inc. v. Forth Worth & W.R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005)).
[93] 45 F.3d 958 (5th Cir. 1995).

Worley's position, as this Court previously pointed out, *Baccus* pre-dates the Supreme Court's decision in *Rivet v. Regions Bank of Louisiana*.[94] As Judge Barbier explained in the *Gauthier* case:

> In *Rivet*, a unanimous Court held that claim preclusion by reason of a prior federal judgment does *not* provide a basis for removal jurisdiction. 470 U.S. at 477, 118 S.Ct. at 926. The Fifth Circuit has interpreted *Rivet* as holding that the artful pleading doctrine only applies in the context of complete preemption. *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783, *superseded in part*, 207 F.3d 225 (5th Cir. 2000); *In re Texas*, 110 F. Supp. 2d 514, 524-25 (E.D. Tex. Aug. 15, 2000). Therefore, following *Rivet* and *Waste Control Specialists*, the viability of the type of removal permitted under *Baccus* is questionable to say the least.[95]

In a subsequent case, Judge Barbier further explained that, "The point of *Rivet* . . . is that even when two cases are so factually intertwined that a federal judgment in one case will have a preclusive effect on a second case, that is not sufficient to create federal jurisdiction over the second case, where it is not otherwise present."[96]

Here, complete preemption does not apply and removal under *Baccus* is Worley's only basis for this Court's jurisdiction over Plaintiff's second claim for declaratory judgment.[97] Because the validity of *Baccus* has been called into doubt, and any doubt as to the propriety of removal should be resolved in favor of remand, the Court concludes that Worley has failed to meet its burden of proving federal question jurisdiction based upon this claim. Further, Plaintiff's claim for declaratory

---

[94] *Gauthier*, Civ. A. No. 01-1559, 2001 WL 699040 at *1 (citing *Rivet*, 522 U.S. 470, 118 S.Ct. 921).
[95] *Gauthier*, Civ. A. No. 01-1559, 2001 WL 699040 at *1.
[96] *Billieson v. City of New Orleans*, Civ. A. No. 01-3864, 2002 WL 221609, at *4 (E.D. La. Feb. 8, 2002); *See Camellia Grill Holdings, Inc. v. Grill Holdings, LLC*, Civ. A. No. 15-3795, 2015 WL 5775003, at *2 (E.D. La. Sept. 30, 2015) (quoting *Billieson*, Civ. A. No. 01-3864, 2002 WL 221609 at *4).
[97] R. Doc. 25 at pp. 18-19.

judgment involves issues of contract interpretation under Louisiana law. Plaintiff asked the state court to interpret the 2015 Lease between Elite and Worley, as well as the Assignment of Leases and Rents between Elite and Girod.[98] These issues, relying on state law, are more appropriately resolved by the state court.

### C. Supplemental Jurisdiction

Finally, Worley asks this Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over each of Plaintiff's three state law claims case based upon the Court's continued jurisdiction over the settlement reached in Civ. A. No. 19-12626, *Worley Claims Services, LLC v. Elite Investment Group, LLC*. Alternatively, Worley asks this Court to exercise supplemental jurisdiction over this case if the Court finds that it has federal question jurisdiction over any of Plaintiff's claims. Section 1367 provides, in pertinent part, that, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form party of the same case and controversy . . . ."[99] The Court has concluded that it does not have federal question jurisdiction over any of Plaintiff's state law claims. Thus, there is no basis for this Court to exercise supplemental jurisdiction over Plaintiff's claims.

Additionally, the Fifth Circuit has recognized that:

> [S]upplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction for federal question purposes. Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants

---

[98] R. Doc. 1-1 at p. 7.
[99] 28 U.S.C. § 1367(a).

seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). That is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are wit*hin the same civil action as a federal question claim . . . and those claims alone*.[100]

The Fifth Circuit has also held that a district court's limited, continued jurisdiction over a settlement in one case does not provide a basis of original jurisdiction to support removal in a separate case, even when the claims are related.[101]

Based on the foregoing, Defendant has failed to show that this Court has federal question jurisdiction over any of Plaintiff's state law claims, or that the Court may exercise supplemental jurisdiction over the claims. Accordingly, Plaintiff's Motion to Remand is granted, and this matter shall be remanded to state court.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[102] is **GRANTED.** This matter is hereby **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

New Orleans, Louisiana, September 8, 2020.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[100] *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) (quoting *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 n.15 (5th Cir. 2010)) (emphasis added in *Energy Management Services, LLC*).
[101] *Energy Management Services, LLC*, 739 F.3d at 260-61 & n.3.
[102] R. Doc. 19.